IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID H. JACOB,<br><br>   Plaintiff,<br><br>vs.<br><br>ROSALYN COTTON, Chairperson of the Nebraska Board of Parole; REX RICHARD, Member of the Nebr. Board of Parole; RANDALL L. REHMEIER, Member of the Nebraska Board of Parole; TERESA L. BITTINGER, Member of the Nebraska Board of Parole; and VIRGIL J. PATLAN, Member of the Nebraska Board of Parole;<br><br>   Defendants. | 8:17CV215<br><br>MEMORANDUM<br>AND ORDER |

  Plaintiff filed a Complaint on June 21, 2017. (Filing No. 1.) He has paid the filing fee. (*See* Docket Sheet.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.

## I. SUMMARY OF COMPLAINT

  In 1986, Plaintiff was convicted of three counts of second degree murder and two counts of use of a weapon to commit a felony. (Filing No. 1 at CM/ECF p. 4.) The state district court sentenced Plaintiff to consecutive sentences of life imprisonment for each second degree murder conviction and to 6 to 20 years' imprisonment for each use conviction. (*Id*.) The minimum sentence for second degree murder, at the time Plaintiff committed the offenses, was 10 years'

imprisonment. *See* Neb. Rev. Stat. § 28-105 (Reissue 1971); Neb. Rev. Stat. § 28-304 (Reissue 1971).

Plaintiff became parole eligible on January 17, 2015. (Filing No. 1 at CM/ECF p. 4.) On August 7, 2014, Plaintiff met with members of the Board of Parole for a review of his case. (*Id.* at CM/ECF pp. 6-7.) As a result of the review, the Board of Parole deferred Plaintiff's case for review until August 8, 2015. (*Id.* at CM/ECF p. 7.) The reasons for the deferment were that the nature and circumstances of Plaintiff's offenses indicated "that any early release would depreciate from the seriousness of [his] crime and promote disrespect for the law," and Plaintiff's "continued correctional treatment, medical care, vocational training, or other training in the facility [would] substantially enhance [his] capacity to lead a law-abiding life when released at a later date." (*Id.*) On July 28, 2016, Plaintiff successfully completed substance abuse treatment. (*Id.*) On August 22, 2016, the Board of Parole reviewed Plaintiff's case again. (*Id.*) As a result of the review, the Board of Parole deferred Plaintiff's case for review until August of 2017, because the nature and circumstances of Plaintiff's offenses indicated "that any early release would depreciate from the seriousness of [his] crime and promote disrespect for the law." (*Id.* at CM/ECF pp. 7-8.)

In January 2015, Plaintiff filed a petition for declaratory judgment in the Lancaster County District Court, seeking to "vindicate[] his rights (1) not to be subjected to an ex post facto law, (2) to not have his liberty interests denied without the due process of law, and (3) to prevent unconstitutional action by the Legislative or Executive branches of State government by enforcing the Constitutional separation of powers." *See Jacob v. Cotton and the Nebraska Board of Parole*, Case No. A-15-1037, 2017 WL 773661 at *1 (Neb. App. Feb. 28, 2017), review denied (Apr. 6, 2017). Plaintiff filed the petition against Rosalyn Cotton, in her official capacity as chairman of the Board of Parole, and the Board of Parole. (*Id.*) The state district court granted the defendants' motion to dismiss for failure to state a claim. (*Id.*)

Plaintiff appealed the order of the state district court to the Nebraska Court of Appeals. (*Id.*) Plaintiff assigned as error that the state district court erred in dismissing his petition because "(1) the parole suitability standards in Neb. Rev. Stat. § 83–1,114 (Reissue 2014) are ex post facto violations; (2) the district court failed to find that the Parole Board's determination violated the separation of powers doctrine; (3) the district court failed to conclude that the Parole Board violated his due process rights by denying him a parole hearing and inappropriately relied on *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 99 S. Ct. 2100, 60 L.Ed. 2d 668 (1979), to determine that current parole procedures did not violate due process." (*Id.*) On February 28, 2017, the Court of Appeals affirmed the decision of the state district court, finding that "the parole suitability standards are not ex post facto violations, that the Parole Board did not violate the separation of powers doctrine, and that the Parole Board did not violate Jacob's due process rights . . . ." (*Id.* at *4.) The Nebraska Supreme Court denied review on April 6, 2017.

On June 21, 2017, Plaintiff filed the current action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 *et seq*. (Filing No. 1.) He names in his Complaint Rosalyn Cotton, chairman of the Board of Parole, along with three members of the Board of Parole, and he sues them in their official and individual capacities for declaratory, injunctive, and monetary relief. (*Id.* at CM/ECF pp. 2, 14.) His allegations are substantially similar to those presented to the lower state courts and he raises the same issues[1] of ex post facto, separation of powers, and due process

---

[1] Those issues are whether: (1) Plaintiff was subjected to an ex post facto increase in punishment when Defendants allegedly applied the statutory 20-year minimum sentence based on the 1995 statutes, as opposed to the 10-year minimum sentence applicable at the time of the offenses, in their decision to defer Plaintiff's case for review; (2) Defendants' use of the language in Neb. Rev. Stat. § 83-1,114(1)(b) that Plaintiff's "release would depreciate the seriousness of his or her crime or promote disrespect for law" violated the constitutional separation of powers because it is the "power" of the "judicial branch" to make such a determination; and (3) Defendants violated Plaintiff's right to due process when they determined his suitability for parole with a "review" and not a "hearing"

3

decided in the state courts. *See Jacob v. Cotton and Nebraska Board of Parole*, Lancaster County District Court Case No. CI 15-179 and Nebraska Court of Appeals Case No. A-15-1037, at https://www.nebraska.gov/justice//case.cgi. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Plaintiff claims the "state court rulings were subterfuges to evade the federal constitutional claims involving the current Nebraska parole procedures and decisions made in the Plaintiff's case." (Filing No. 1 at CM/ECF p. 3.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

---

(citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979)). (*See* Filing No. 1 at CM/ECF pp. 12-13.)

4

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff attempts to relitigate in federal court the issues decided against him in the state courts. Collateral estoppel, or issue preclusion, applies when a § 1983 plaintiff attempts to relitigate in federal court issues that were decided against him in a state criminal proceeding. *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980); *see also Munz v. Parr*, 972 F .2d 971, 973 (8th Cir. 1992) (stating that "collateral estoppel applies to section 1983 actions involving alleged Fourth Amendment violations"); *Simmons v. O'Brien*, 77 F.3d 1093, 1096 (8th Cir. 1996) ("When a federal constitutional issue is previously decided in a state criminal proceeding following a full and fair hearing, issue preclusion will [] bar relitigation of that issue in a § 1983 action.").

This court must give a state court judgment the same preclusive effect it would be given under the law of the state where it was rendered. 28 U.S.C. § 1738; *W.F.M., Inc. v. Cherry Cnty.*, 279 F.3d 640, 643 (8th Cir. 2002). The following elements are required for collateral estoppel to apply under Nebraska law: (1) the identical issue was decided in a prior action, (2) there was a judgment

on the merits that was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Cunningham v. Prime Mover, Inc.*, 567 N.W.2d 178, 181 (Neb. 1997).[2]

The court finds all four elements of collateral estoppel clearly present here: identical issues of ex post facto, separation of powers, and due process were decided in the state court action; the Court of Appeals judgment was a final judgment against Plaintiff on the merits; and Plaintiff had an opportunity to fully and fairly litigate the issues in the state district and appellate courts. Alternatively, should collateral estoppel not apply, the court agrees with the analysis of the Nebraska Court of Appeals[3], and in short, Plaintiff fails to state a claim on which relief may be granted.

---

[2] The court recognizes that Plaintiff sued Rosalyn Cotton only in her official capacity in the state district court and now also sues her in her individual capacity. The court also recognizes that Plaintiff did not sue the three additional Board of Parole members in the state district court but now sues them in their official and individual capacities. However, "[m]utuality of estoppel is no longer considered to be a requirement for the application of collateral estoppel." *JED Constr. Co., Inc. v. Lilly*, 305 N.W.2d 1, 3 (Neb. 1981) (citation omitted); *see also Hara v. Reichert*, 843 N.W.2d 812, 817 (Neb. 2014) (". . . while issue preclusion may be used by a nonparty in a later action, either offensively or defensively.").

[3] Condensed and summarized, the Nebraska Court of Appeals found: (1) the reasoning of the Board of Parole did not show that it considered the change to the minimum sentence of second degree murder in deferring review of Plaintiff's case; (2) the Board of Parole has the authority under the Nebraska Constitution to defer parole subject to the conditions established by the Legislature in § 83-1,114(1)(b); and (3) because Plaintiff was informed why his review was deferred after review of his case while in his presence, Plaintiff was provided due process, which remains in accordance with *Greenholtz, supra. See Jacob v. Cotton and the Nebraska Board of Parole*, Case No. A-15-1037, 2017 WL 773661 at *2-3 (Neb. App. Feb. 28, 2017), review denied (Apr. 6, 2017).

IT IS THEREFORE ORDERED that:

1. The action is dismissed with prejudice.

2. A separate judgment will be entered.

Dated this 27th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge